GEORGE F. CURRIE v. THE ATLANTIC CITY STREET
RAILWAY COMPANY.

Argued March 20, 1901—Decided March 28, 1901.

When a judgment in *certiorari* has been pronounced upon a written
stipulation as to the facts, a rehearing will not be granted upon
the ground that the actual facts are different from those stipu-
lated.

On petition for a rehearing.

Before Justices GARRISON and GARRETSON.

For the motion, *Robert E. Stephany.*

The opinion of the court was delivered by

GARRISON, J.   The petition asks for a rehearing of this
cause upon the ground that the opinion filed in the cause
proceeded upon an erroneous conception of the actual facts
with respect to the identity of the consents, in writing, filed
on or before January 28th, 1895, and those upon which the
present ordinance was based.

This assumption of fact is the basis of the opinion.   "The
identical consents, in writing, that are now the subject of
controversy were then [*i. e.,* on January 28th, 1895] on file
with the clerk of Atlantic City, and were the basis of the juris-
diction invoked at that time," is the language of the opinion.
This premise was based upon the following stipulation, made
by the parties to the cause in lieu of testimony:

"That an application was made by this same company for
permission to construct, maintain and operate its street rail-
way along the same route as the present ordinance calls for
on January 28th, 1895, and that the written instruments or
consents which were used on that application are the iden-
tical consents which were filed with the petition on which the
present ordinance is based, these consents having been with-

drawn after the last-mentioned date by said company from
the city clerk's office and re-filed with the present petition,
and that on said last-mentioned date city council passed the
following resolution."

To sustain the allegation of his petition the prosecutor
argues that upon the examination of certain lists of the
written instruments that constituted the consents of the prop-
erty owners it will appear that some of them were not on file
upon January 28th, 1895. If this were so, it would not sup-
plant the concrete stipulation upon the precise question of
the identity of the consents in issue. It is, however, not well
founded in fact. The lists in question carry out the consents
by inserting sundry dates under the head "Recorded." What
"recorded" was intended to mean is not known to us. There
is no such statutory requirement, and in any event the posi-
tive stipulation covering the statutory provisions is explicit
and controlling.

The motion of the petitioner is denied.